# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Larry Cochran,** | ) | **CASE NO. 4:20 CV 1975** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Mark K. Williams.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

Petitioner's Motion for Reconsideration (Doc. No. 14) is before the Court.  Petitioner filed Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release from prison due to the COVID-19 pandemic and the outbreak of the virus at FCI Elkton.  He indicated that he was medically vulnerable due to a number of serious health conditions, and is a member of the class of prisoners represented in the § 2241 class action lawsuit addressing the spread of COVID-19 to medically vulnerable inmates at FCI-Elkton. *See Wilson v. Williams*, No. 4:20 CV 794 (N.D. Ohio filed Apr. 13, 2020)(Gwin, J).  He asserted that his claims went beyond those covered in the class action because he was being held in segregation where social distancing was impossible and exposure to infected inmates was inevitable.  He alleged that he had been recommended for compassionate release under the CARES Act by FCI Elkton.  Petitioner had already filed a Petition for a Writ of Habeas Corpus under §2241 that challenged his placement in segregation and claimed he had been

1

recommended for compassionate release by FCI Elkton staff. *See Cochran v. Williams*, No. 4:20 CV 1943 (N.D. Ohio filed Aug. 31, 2020)(Oliver, J.). The Court dismissed this Petition as duplicative. Petitioner claims they were different actions and asks this Court to reinstate his Petition to address his conditions of confinement in segregation.

There would be no point in reconsidering and reinstating the Petition as Petitioner was transferred to FCI-Cumberland in Maryland in November 2020. His concerns regarding his conditions of confinement in segregation at FCI-Elkon and his request for removal from that facility are moot. Petitioner's Motion for Reconsideration (Doc. No. 14) is denied.

Petitioner also filed a Motion for Enlargement of Custody (Doc. No. 13) asking this Court to order his release from FCI-Elkton either to his home or to a halfway house, nursing home, or medical center, to prevent his transfer to FCI-Cumberland. Because Petitioner is no longer incarcerated in FCI-Elkton, his request for relief from that custodial situation is moot. Furthermore, this Court does not have jurisdiction over FCI-Cumberland. The court could not presume that the conditions at FCI-Cumberland would violate Petitioner's Eighth Amendment rights. Any concerns that Petitioner may have regarding the conditions at FCI-Cumberland should be addressed to the appropriate District Court in Maryland. That Motion (Doc. No. 13) is also denied.

**IT IS SO ORDERED**.

Date: February 8, 2021

*S/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE